IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MARVIN D. PRICE,                             §
Institutional ID No. 100316,                 §
                                             §
        Plaintiff,                           §
                                             §
v.                                           §     2:25-CV-145-Z-BR
                                             §
POTTER COUNTY SHERIFF BRIAN                  §
THOMAS, *et al.*,                            §
                                             §
        Defendants.                          §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Marvin D. Price ("Price"),

alleging violations of his civil rights under 42 U.S.C. § 1983. Price filed this lawsuit *pro se* while

a prisoner at the Potter County Detention Center, and subsequently was granted permission to

proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by

the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated

below, the Magistrate Judge recommends that Price's Complaint be DISMISSED as frivolous

under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a

government entity or employee if the court determines that the complaint is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b)

(applying section to any suit by a prisoner against certain governmental entities, regardless of

whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable

1

basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

Price alleges that, on May 29, 2025, Detention Officer Cotton ("Cotton") illegally confiscated a letter that Price had written to his wife, and wrote Price a disciplinary case for an

---

[1]These background facts are taken from Price's Complaint (ECF 3) and questionnaire responses (ECF 7) and are assumed to be true for the purpose of evaluating the merits of Price's claims.

unspecified reason. (ECF 3 at 4). Price sues Cotton for seizing the letter, and sues Defendant Brian Thomas in his capacity as Cotton's supervisor. (ECF 7 at 2). He seeks monetary damages of $100,000.00. (*Id.* at 5).

**B.      Price Fails to Allege Physical Injury Under the PLRA.**

Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Price admitted in his questionnaire responses that he does not sue for a physical injury. (ECF 7 at 4). Because he does not allege physical injury, he is not entitled to recover the compensatory damages he seeks.[2] *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Price's claims should be dismissed.

---

[2]Price seeks $100,000 for damages and pain and suffering, and does not seek punitive damages or injunctive relief. (*Id*. at 5).

**C.      Leave to Amend.**

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id*. at 768. As discussed here, Price fails to state a plausible claim. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege viable legal claims against any Defendant due to his lack of physical injury. Price has stated his best case in his complaint and detailed questionnaire responses. Under these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.[3]

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Price's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 14, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[3]That notwithstanding, the 14-day objection period will permit Price the opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

4

### \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).